FILED
United States Court of Appeals
Tenth Circuit

August 11, 2011

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

In re:

THARRON DENNIS BROWN,

　　　　Movant.

No. 11-1347
(D.C. Nos. 1:11-CV-01017-WYD &
1:05-CR-00276-WYD-1)
(D. Colo.)

---

**ORDER**

---

Before **MURPHY**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Tharron Dennis Brown, proceeding pro se, moves for authorization to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We DENY authorization.

In 2005, Mr. Brown was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced to 120 months in prison. He did not appeal.

On December 3, 2010, he filed a § 2255 motion alleging errors in his presentence investigation report (PSIR). Specifically, Mr. Brown contended that five prior convictions listed on the PSIR were for another person named Tyrone Fred Hines and that Mr. Brown was incarcerated at the time the offenses described in the PSIR occurred. Additionally, Mr. Brown sought a modification of his sentence under 18 U.S.C. § 3582(c). The district court denied § 2255 relief

as barred by the one-year statute of limitations and denied sentence modification on the merits. Mr. Brown did not appeal.

Instead, on April 18, 2011, he filed another § 2255 motion asserting that his trial counsel was ineffective for failing to inform him of the false convictions in his PSIR. The district court found that Mr. Brown had not obtained authorization from this court to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *id.* § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The district court denied the § 2255 motion for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam) (holding that district court may transfer unauthorized second or successive § 2255 motion to Tenth Circuit if it is in interest of justice under 28 U.S.C. § 1631 to do so or may dismiss motion for lack of jurisdiction). To the extent Mr. Brown sought a modification of his sentence, the court denied the request. Again, he did not appeal.

Mr. Brown now seeks authorization from this court to file a second or successive § 2255 motion to again assert claims that his PSIR inaccurately calculated his criminal history points, that he never used the alias Tyrone Fred Hines, and that he was in prison at the time the offenses listed in the PSIR were committed. These are the same claims concerning his sentence that Mr. Brown

asserted in his first § 2255 motion.  And he concedes that he learned of these alleged inaccuracies on the day of his sentencing.  Thus, Mr. Brown does not rely on either new facts concerning his guilt for the bank robbery conviction or new constitutional law, one of which is required for this court to grant authorization to file a second or successive § 2255 motion in the district court.  *See* 28 U.S.C. § 2255(h) (requiring second or successive motion to contain either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

Accordingly, we DENY Mr. Brown authorization to file a second or successive § 2255 motion.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." *Id.* § 2244(b)(3)(E).

                                        Entered for the Court,

                                        *Elisabeth A. Shumaker*

                                        ELISABETH A. SHUMAKER, Clerk